UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARY NORDGREN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-072** |
| **W.S. MCCAIN, WARDEN** | **SECTION: "H"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Gary Nordgren, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. On April 23, 2010, he was convicted of aggravated incest under Louisiana law.[1] On September 2, 2010, he was found to be a second offender and was sentenced as such to a term of forty-nine and one-half years imprisonment.[2] On February 10, 2012, the Louisiana First Circuit Court of Appeal affirmed his conviction and habitual offender adjudication; however, the matter was remanded for the district court to consider his pending

---

[1] State Rec., Vol. 3 of 5, trial transcript, pp. 631-32; State Rec., Vol. 1 of 5, minute entry dated April 23, 2010; State Rec., Vol. 1 of 5, jury verdict form.
[2] State Rec., Vol. 3 of 5, transcript of September 2, 2010.

motion to reconsider sentence.[3] The district court thereafter denied that motion on April 5, 2012.[4] The Louisiana First Circuit Court of Appeal then affirmed his sentence on September 18, 2015.[5] He did not seek direct-review by the Louisiana Supreme Court.

On or after December 4, 2016, petitioner filed an application for post-conviction relief with the state district court.[6] That application was denied,[7] and he did not seek supervisory review of that denial.

On December 27, 2017, petitioner filed the instant federal application seeking habeas corpus relief.[8] The state has filed a response arguing that the application is untimely.[9] The state is correct.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is generally required to bring his Section 2254 claims within one (1) year of the date on which his underlying state criminal judgment became "final." 28 U.S.C. § 2244(d)(1)(A).[10] For AEDPA purposes, a state criminal judgment consists of the conviction *and* the sentence, and the criminal

---

[3] State v. Nordgren, No. 2011 KA 0921 (La. App. 1st Cir. Feb. 10, 2012); State Rec., Vol. 4 of 5.
[4] State Rec., Vol. 4 of 5, transcript of April 5, 2012; State Rec., Vol. 4 of 5, minute entry dated April 5, 2012.
[5] State v. Nordgren, No. 2014 KA 1183, 2015 WL 5514992 (La. App. 1st Cir. Sept. 18, 2015); State Rec., Vol. 3 of 5.
[6] State Rec., Vol. 5 of 5. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). The date on which that occurred with respect to petitioner's post-conviction application is not apparent from the record. However, because petitioner signed the application on December 4, 2016, he obviously placed the application in the prison mailing system on or after that date.
[7] State Rec., Vol. 5 of 5, Judgment and Reasons for Judgment dated December 9, 2016.
[8] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that he placed his application in the prison mailing system on **December 27, 2017**. Rec. Doc. 1, p. 13. He **later** filed a nearly identical supplemental application. Rec. Doc. 3. **Although he states that the supplemental application was placed in the prison mailing system on March 6, 2017, see Rec. Doc. 3, p. 13, that date is obviously an error. However, out of an abundance of caution, the Court notes that, for the reasons noted herein, petitioner's one-year period for seeking federal relief expired on October 19, 2016. Therefore, *even if* petitioner in fact placed the application in the prison mailing system on March 6, 2017, it is still untimely.**
[9] Rec. Doc. 10.
[10] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

judgment is therefore not considered "final" until *both* the conviction *and* the sentence are final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir. 2011).

With respect to determining the date of finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> *Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

As noted, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction on February 10, 2012, and then affirmed his sentence on September 18, 2015. He did not seek review of either of those judgments by the Louisiana Supreme Court. Accordingly, the Court finds that petitioner's state criminal judgment became final for AEDPA purposes no later than October 19,

2015, when his thirty-day deadline expired for seeking further direct review of his sentence.[11] His one-year federal limitations period therefore commenced on that date and then expired on October 19, 2016, unless that federal deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts on or before October 19, 2016. Therefore, he clearly is not entitled to statutory tolling.[12]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence

---

[11] Because the thirtieth day here fell on a Sunday, petitioner had until Monday, October 19, 2015, to seek such review. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

[12] Although petitioner subsequently filed a post-conviction application in December of 2016, applications filed after the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Petitioner has not invoked McQuiggin. However, in the event he does so in any objections to this Report and Recommendation, the undersigned finds that petitioner has not made the showing required under McQuiggin for the following reasons.

In McQuiggin, the Supreme Court expressly cautioned: "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Further, as the United States Sixth Circuit Court of Appeals has explained:

> To assess that question, a court must survey "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (internal quotation marks omitted). With "all the evidence" thus in mind, the court's final task is "to assess the likely impact of the evidence on reasonable jurors"; it is not to work through an "independent factual determination" to divine "what likely occurred." Id. (internal quotation marks omitted).

Eberle v. Warden, Mansfield Correctional Institution, 532 Fed. App'x 605, 613 (6th Cir. 2013); accord Johnson v. Cain, Civ. Action No. 14-543, 2015 WL 4528889, at *2-3 (E.D. La. July 27, 2015), aff'd, 667 Fed. App'x 474 (5th Cir. 2016), cert. denied, 137 S. Ct. 1105 (2017); Lyles v. Tanner, Civ. Action No. 13-655, 2014 WL 4674673, at *6 (E.D. La. Sept. 17, 2014).

A logical starting point, therefore, is to look at the "old" evidence, i.e. the evidence presented at trial and on which petitioner's conviction was based. See, e.g., Johnson, 2015 WL 4528889, at *3; Lyles, 2014 WL 4674673, at *6. Here, the Louisiana First Circuit Court of Appeal reviewed that evidence and found that the following facts were established at trial:

> In 2007, defendant lived in Folsom next to his mother's house and the house of his ten-year-old niece, C.E., who was the granddaughter of defendant's mother. Sometime between June 1 and June 15 of 2007, C.E. was walking to her grandmother's house. As C.E. passed defendant's house on the way, defendant told her to come into his house. C.E. went inside, and defendant sexually abused her. Several months later, C.E. told her parents about the abuse. Subsequently, C.E. provided details of the abuse in an interview at the Children's Advocacy Center in Covington. Defendant testified at trial and denied all allegations of sexual abuse.[13]

The United States Supreme Court has explained that, in order to assert a credible claim of actual innocence, a petitioner is required "to support his allegations of constitutional error with new reliable evidence -- *whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence* -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). In the instant case, petitioner presents no new evidence whatsoever.

For these reasons, petitioner has not met "the threshold requirement" for McQuiggin to apply, i.e. a showing that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 569 U.S. at 386 (quoting Schlup, 513 U.S. at 329). Accordingly, McQuiggin does not aid him.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than **October 19, 2016**, in

---

[13] State v. Nordgren, No. 2011 KA 0921, at p. 2 (La. App. 1st Cir. Feb. 10, 2012); State Rec., Vol. 4 of 5.

order to be timely. His application was not filed until December 27, 2017, and, therefore, it is untimely.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Gary Nordgren be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this fourth day of April, 2018.

                                            */s/ Janis van Meerveld*
                                            **JANIS VAN MEERVELD**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.